

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

October 9, 1953

Hon. Bryan Bell, Director
Motor Transportation Division
Railroad Commission
Tribune Building
Austin, Texas

Opinion No. S-104

Re: Authority of a specialized
motor carrier, licensed to
transport oil field equip-
ment, to carry certain
enumerated commodities
used in the maintenance

Dear Sir:

of oil refineries.

You have requested the opinion of this office as
to whether specialized motor carriers having authority to
transport oil field equipment under their certificates may
carry hydrated lime and sand in bags to be used in the main-
tenance of oil refineries.

In 1941, Article 911b, Vernon's Civil Statutes,
was amended so as to add a technical statutory definition
of the term "oil field equipment", which specialized motor
carriers were authorized to transport, and that definition
reads as follows:

"Section 1 (1) For the purpose of this
Act, the term 'oil field equipment' means and
includes machinery, materials, and equipment
incidental to or used in the construction,
operation, and maintenance of facilities which
are used for the discovery, production, and
processing of natural gas and petroleum, and
such machinery, materials, and equipment when
used in the construction and maintenance of
pipe lines."

Your inquiry can be resolved by determining whether
hydrated lime and sand in bags comes within the definition of
"materials", as the maintenance of a refinery is unquestionably
within the comprehension of the "processing of natural gas and
petroleum."

Webster's New International Dictionary defines "material" as,

"the substance or substances, or the parts, goods, stock, or the like, of which anything is composed or may be made; . . ."

No cases have otherwise defined "materials" as used in the foregoing statute, and within the definition set out above and certainly as accepted in the petroleum industry, we hold that hydrated lime and sand are "materials" within the comprehension of the statutory definition of "oil field equipment."

However, such "materials", under the clear provisions of such statute, must be "incidental to or used in the construction, operation, and maintenance" of such refineries. Sand, we suppose, might normally have some appropriate use in some filter function of a refinery, and hydrated lime is normally used in treating water for cooling towers, but the "use" of the commodities that is actually intended is a fact question to be resolved by the Railroad Commission. The necessity for transporting the sand in bags, instead of in bulk, also requires the judgment of the Commission on a fact issue.

## SUMMARY

Sand and hydrated lime are "materials" within the definition of "oil field equipment", and are authorized to be transported by specialized motor carriers under Art. 911b, V.C.S., if their carriage is incidental to or used in the construction, operation or maintenance of an oil refinery.

APPROVED:

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Dean J. Capp*
Dean J. Capp
Assistant